NicholsoN, C. J.,
delivered the opinion of the Court.
David Wolf claimed the right of possession of the property in dispute by virtue of the levy of an execution in his favor, against H. A. Wolf and C. A. Morningstar for $489, issued by a justice of the peace. He introduced as evidence a warrant which was “in a plea of debt, by note, under $500.” A declaration was filed before the justice in which he “declares against the defendants as joint makers of the promi-sory note filed in this cause,” etc. He introduced this declaration and the note thus made proferí of, from which it appears that the note was for $487, made by C. A. Morningstar, payable to David Wolf and endorsed, first, by H. A.- Wolf and then' by David Wolf, holder. On the warrant was endorsed a judgment for $489, on which the execution issued. *126 All these papers were introduced as evidence by David Wolf. The court charged the jury that if they found that David Wolf’s claim against H. A. Wolf was under a judgment obtained before a magistrate on a promissory note, on which said H. A. Wolf had been an endorser for one Morningstar, for the sum of over $250, and- that the endorser, C. A. Wolf, had not waived demand and notice in his endorsement, then the magistrate had no jurisdiction of the case as against the endorser, and the judgment was void and conferred no rights on David Wolf as a creditor of H. A. Wolf.
It is insisted for David Wolf that the court erred in this charge. First, because the court submitted a queston of law to the jury which the court itself ought to have decided. The court instructed the jury M'hat the law would be- in the hypothetical state of facts. As it was a mixed question of fact and law there was no error in so charging.
But next, it is said, the charge is in conflict with the case of Witt v. Russy, 10 Hum., 208, in which it was held that the validity of a judgment cannot be attacked collaterally by parol evidence, but it must be tested by the record. But in the present case there was no effort to attack the judgment by parol evidence. The - party introduced the record of the proceedings before the justice to support his claim. These proceedings show that the justice had no jurisdiction. The record itself discloses the want of jurisdiction of the subject matter, and this is brought forward by the party who claims under the judgment. The charge *127 was therefore not in conflict with the case of Witt v. Russy.
The judgment rendered in the ease was correct and will be affirmed.